IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COLLETTE ROBELLO, ) | Civ. No. 10-00571 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDEX EXPRESS, JOHN DOES 1-5; ) | |
| JANE DOES 1-5; DOE CORPORATIONS ) | |
| 1-5; DOE PARTNERSHIPS 1-5; DOE ) | |
| NON-PROFIT ORGANIZATIONS 1-5; ) | |
| DOE GOVERNMENTAL AGENCIES 1-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

PROCEDURAL BACKGROUND

On March 11, 2010, Collette Robello ("Plaintiff") filed a complaint in the Circuit Court of the First Circuit of the State of Hawaii against Federal Express Corporation, doing business as FedEx Express ("Federal Express" or "Defendant"), alleging that Defendant breached a contract when it failed to award Plaintiff benefits from Defendant's Voluntary Severance Incentives ("VSI") plan.  Doc. No. 1-1.  The Complaint seeks enforcement of the VSI plan, special damages, interest, and attorney's fees and costs.  Compl. Prayer for Relief.

Defendant removed the case to this Court on October 4, 2010, pursuant to 28 U.S.C. §§ 1331 and 1441, on the basis of

federal question jurisdiction, asserting that Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 et seq.[1]  Doc. No. 1.

On January 3, 2011, Defendant filed the administrative record ("A.R."), to which Plaintiff did not object.  Doc. No. 15.  Defendant attached the declaration of Robin L. Marsh, a Senior Paralegal for Defendant, which authenticated the record as containing true and correct copies of the relevant documents.[2]  Id.

On April 21, 2011, Defendant filed a motion for summary judgment ("Def.'s Motion").  Doc. No. 18.  Defendant's Motion was accompanied by a supporting memorandum ("Def.'s Mot. Mem.") and a concise statement of facts ("Def.'s CSF").  Doc. Nos. 18-1, 19.  On June 3, 2011, Plaintiff filed an opposition to Defendant's Motion ("Pl.'s Opposition").[3]  Doc. No. 29.  On June 28, 2011,

---

[1] Defendant alleged alternatively that this case was removable based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Doc. No. 1.  Because federal question jurisdiction exists, it is unnecessary for this Court to decide if the parties have diversity of citizenship and if the amount in controversy is in excess of $75,000.

[2] Marsh submitted a declaration that the original administrative record in this matter is lost or destroyed, and thus, pursuant to Federal Rule of Evidence 1004, Defendant used its best efforts to recreate the record.  Doc. No. 15 ¶ 3.

[3] Parties that oppose a motion for summary judgment are required to submit a "separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all

Defendant filed a reply ("Def.'s Reply").  Doc. No. 34.

On May 3, 2011, Plaintiff filed a Motion for Summary Judgment ("Pl.'s Motion").  Doc. No. 25.  Plaintiff's Motion was accompanied by a supporting memorandum ("Pl.'s Mot. Mem.") and a Concise Statement of Facts ("Pl.'s CSF").  Doc. Nos. 25-1, 26.  On June 7, 2011, Defendant filed an opposition to Plaintiff's Motion ("Def.'s Opposition") and an opposition to Plaintiff's CSF.  Doc. Nos. 29-30.

The Court held a hearing on the motions on October 11, 2011.  At the hearing, Robello argued for the first time that Defendant did not properly amend the VSI plan with regard to participation limits and that it did not comply with the "Claims Procedure" set forth in the VSI plan.  The court allowed supplemental briefing on these arguments.  Defendant submitted a supplemental brief ("Def.'s Supp. Br.") on October 21, 2011, and Plaintiff submitted a reply brief ("Pl.'s Supp. Reply") on October 24, 2011.

## FACTUAL BACKGROUND

---

material facts as to which it is contended there exists a genuine issue necessary to be litigated."  D. Haw. Local Rule 56.1(b). "[M]aterial facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."  Id. at 56.1(g). Plaintiff has not submitted a separate concise statement opposing the facts set forth in Defendant's CSF.  Plaintiff has submitted a CSF in support of her own motion.  The facts set forth in Plaintiff's CSF do not controvert those set forth in Defendant's CSF.  The facts contained in Defendant's CSF will therefore be deemed admitted.

The parties do not dispute the facts that are relevant to the resolution of the present motions except whether Defendant was required to amend the VSI plan to impose limitations. Throughout the time period at issue, Plaintiff was employed by Defendant as a manager. Doc. No. 15-5, at A.R. 58; Pl.'s CSF ¶ 2; Def.'s CSF ¶ 5. On June 2, 2003, Defendant sent an e-mail to its U.S. managers that explained an incentive program that Defendant intended to use as part of a broad-based reorganization. Doc. No. 15-1, at A.R. 1-4. The program included a Voluntary Early Retirement Incentives ("VERI") plan and a Voluntary Severance Incentives plan. Doc. No. 15-1, at A.R. 2. Defendant stated that employees could request VSI plan information packets between August 1 and October 6, 2003, and that eligible employees would have from August 1 to November 24, 2003, to notify Defendant of acceptance of the VSI plan. Doc. No. 15-1, at A.R. 2-3. The VSI plan stated that Defendant "reserves the right . . . to amend, modify, change or terminate the Plan at any time." Doc. No. 15-2, at A.R. 11. Plaintiff requested a VSI plan information package on August 5, 2003, and received such package on August 13, 2003. Doc. No. 15-7, at A.R. 61; Pl.'s CSF ¶ 3-4; Def.'s CSF ¶ 6-7.

Defendant sent a series of e-mails to its U.S. managers regarding the VSI plan, and asked the managers to relay the information to salaried employees. Doc. No. 15-4. On September

16, 2003, Defendant sent an e-mail explaining that it appeared the combined acceptance rates for the VERI and VSI plans might exceed the position reduction goals for its reorganization and thus it might have to limit participation in the VSI plan program.  Defendant stated that signed VSI agreements must be returned before midnight on September 24 to avoid possible VSI plan participation limits.  Id. at A.R. 50.  Defendant sent an e-mail on September 18, 2003, asking employees to view a special "FXTV" broadcast airing that day, which would provide, inter alia, information about "recent changes to the Voluntary Severance Incentive (VSI) program."  Id. at A.R. 53.  On September 22, 2003, Defendant informed its U.S. managers, via e-mail, that updates had been posted to the "Voluntary Incentives Intranet site" regarding, as relevant here, "[p]ossible participation limits for VSI."  Id. at A.R. 54.  Defendant stated in an e-mail sent October 2, 2003, that the number of employees accepting the voluntary incentives had exceeded the number of positions that Defendant had planned to eliminate.  Id. at A.R. 55.  Thus, although it would continue to accept requests for the VSI plan until November 24, Defendant stated it "will very likely invoke participation limits on requests received after the previously communicated deadlines (September 24 for most employees)."  Id. at A.R. 56.

        Plaintiff executed her VSI plan agreement on October 8,

2003, and returned it to Defendant on October 10, 2003.  Doc. No. 15-7, at A.R. 61; Pl.'s CSF ¶¶ 6-7.  After the initial denial of Plaintiff's request for the VSI plan, Plaintiff appealed.  Doc. No. 15-7, at A.R. 61.  In a letter dated March 10, 2004, the Plan Administrator (Federal Express) denied Plaintiff's appeal, explaining that "[b]ecause more employees accepted the VSI incentive than were required to implement the realignment of the Express organization, it was necessary to limit participation."  Id.  The Plan Administrator determined that because Plaintiff did not submit her agreement by September 24, 2003, and she was not in any group that was exempt from the program participation limits, the decision to deny her request for the VSI plan was correct.  Id.  Plaintiff challenges this decision.

## LEGAL STANDARD

### A. Preemption

The parties do not dispute that Plaintiff's claim relates to an employee benefit plan within the meaning of ERISA.  See Def.'s Mot. Mem. 3; Pl.'s Mot. Mem. 3.  In the absence of certain exceptions not applicable here, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a); see Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1190-91 (9th Cir. 2010).  This Court therefore will construe Plaintiff's breach of contract claim as a claim brought under ERISA's civil-enforcement

provision, which allows a claimant to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**B.   Review of Defendant's Denial of Benefits**

Courts review <u>de novo</u> challenges to an ERISA plan's denial of benefits "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire & Rubber Co. V. Bruch</u>, 489 U.S. 101, 115 (1989). Where a plan grants such discretion to a plan administrator, the reviewing court applies an "abuse of discretion" standard. <u>Montour v. Harford Life & Accident Ins. Co.</u>, 588 F.3d 623, 629 (9th Cir. 2009).

Here, the VSI plan gives Federal Express the discretion to determine eligibility for benefits and construe the terms of the plan.  The plan states that Federal Express "shall determine the rights of any employee or former employee of [Federal Express] to any Severance Benefits hereunder."  Doc. No. 15-2, at A.R. 12.  The plan also provides that Federal Express "shall have sole and absolute discretion to interpret where necessary all provisions of the Plan."  <u>Id.</u> at A.R. 11.  The VSI plan therefore unambiguously grants Defendant discretion to construe the terms

of the plan.  See Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1142 (9th Cir. 2002) (concluding that a retirement plan that granted the administrator the "'power' and 'duty' to 'interpret the plan and to resolve ambiguities, inconsistencies and omissions' and to 'decide on questions concerning the plan and the eligibility of any Employee'" unambiguously gave the administrator the requisite discretionary authority to support review for an abuse of discretion).

   Plaintiff does not assert that Defendant is operating under a conflict of interest, and thus this Court applies a "straightforward application" of the abuse of discretion standard.  See Montour, 588 F.3d at 629.  Accordingly, this Court should set aside Federal Express's discretionary decision if the its determinations are arbitrary and capricious.  Sluimer v. Verity, Inc., 606 F.3d 584, 590 (9th Cir. 2010).  "A plan administrator's decision to deny benefits must be upheld under the abuse of discretion standard if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith."  Id. (internal quotations omitted).  Additionally, to the extent Plaintiff challenges the merits of the Plan Administrator's decision, this Court's review is limited to the record before the Plan Administrator when it denied the claim.  See Montour, 588 F.3d at 632 & n.4.

    **C.**    **Summary Judgment**

Where a plan administrator's decision to deny benefits is reviewed for an abuse of discretion, and no conflict is alleged, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." See Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999), abrogated on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968 (9th Cir. 2006); see also Nolan v. Heald Coll., 551 F.3d 1148, 1154-55 (9th Cir. 2009).

## DISCUSSION

Plaintiff bears the burden to show that she is entitled to benefits under the VSI plan. See Muniz v. Amec Constr. Mgmt., 623 F.3d 1290, 1294-95 (9th Cir. 2010); Doyle v. Liberty Life Assurance Co. of Boston, 542 F.3d 1352, 1360 (11th Cir. 2008). In a letter dated August 1, 2003, and in an information sheet sent as part of the "VSI packet," Defendant stated that employees deciding to accept the VSI agreement must return the agreement "no later than November 24, 2003." Doc. No. 15-2, at A.R. 5, 7. Defendant also, however, provided multiple notices to its U.S. managers that employees who returned their VSI plan packages after September 24, 2003, may be subject to plan limitations. Doc. No. 15-4, at A.R. 50-57. Plaintiff argues that this

September 24, 2003 deadline to avoid participation limits was an invalid amendment to the VSI plan because Defendant did not follow the amendment procedures set forth in the plan.  Defendant avers that it did not amend the plan.  Def.'s Supp. Br. 2.  Specifically, Defendant asserts that because the VSI plan set forth terms and conditions in the event Federal Express exceeded its goal for voluntary terminations, no amendment was necessary to limit participation.  <u>Id.</u> at 2-3.

The Court agrees with Defendant.  The VSI plan defines a "Qualifying Termination" as "[t]he voluntary election by an Eligible Employee to sever his/her employment with the Company in order to receive the benefits described herein, if such Eligible Employee's termination occurs no later than November 30, 2003, <u>except to the extent</u> . . . his application is rejected because the [Federal Express] has exceeded its goal for voluntary retirements/terminations by Eligible Employees. . . ."  Doc. No. 15-2, at A.R. 9 (emphasis added).  The VSI plan therefore provided that Defendant might reject an employee's application because it exceeded its goal for offering the VERI and VSI plans.  The e-mail notifications sent by Federal Express were administrative in nature and did not purport to amend the VSI plan.  Plaintiff has failed to otherwise show that Defendant amended the plan.

Plaintiff does not dispute that she received the

multiple e-mails notifying employees of potential limitations. Rather, Plaintiff claims that because "[t]here is nothing in the record to establish the need for participation limitations," this Court "cannot determine whether the denial of Plaintiff's claim for severance benefits was not an abuse of discretion." Pl.'s Opposition 2. This Court disagrees and concludes that the record establishes the Plan Administrator did not abuse its discretion.

The record reveals that on September 16, 2003, the Defendant explained via e-mail that limitations on the number of VSI plan packages approved may be imposed for those packages submitted after September 24, 2003, because more employees had accepted the VERI and VSI plans than anticipated. Defendant explained that limitations may be necessary to meet its "goal in offering [the VERI and VSI] incentive packages," which was "to balance as closely as possible the number of employees leaving the company voluntarily with the planned position reductions called for in our new structure." Doc. No. 15-4, at A.R. 50.

Federal Express upheld the denial of Plaintiff's VSI plan package because she did not return her agreement by September 24, 2003, the deadline to avoid plan limitations. Doc. No. 15-7, at A.R. 61. Federal Express explained that "[b]ecause more employees accepted the VSI incentive than were required to implement the realignment of the [Federal] Express organization, it was necessary to limit participation." Id. Defendant's

decision to limit the number of VSI plan packages approved after a certain date because the plan no longer furthered its purpose in Defendant's reorganization is not arbitrary and capricious. Defendant's decision is reasonable and Plaintiff has not alleged bad faith.

Plaintiff's final argument is that Defendant failed to follow the "Claim Procedure" set forth in the VSI plan.  Pl.'s Supp. Reply 2.  Specifically, Plaintiff asserts that the Plan Administrator's decision did not comply with § 11(d) of the VSI plan, which states, <u>inter alia</u>, that a denial of a claim by Federal Express will include the specific reason(s) for the denial and specific reference(s) to pertinent plan provisions on which the denial was based.  <u>Id.</u> at 2.  Plaintiff, however, is contesting the Plan Administrator's <u>decision on review</u>.[4]  This decision includes a specific reason for the denial but does not include a reference to a plan provision.  Contrary to Plaintiff's assertion, it was not necessary for the decision on review to cite a plan provision.  The VSI plan provides in a section titled "Review of Claims" that the Plan Administrator will notify the claimant of its decision on review and that the decision will be in writing.  Doc. No. 15-2, at A.R. 12.  It does not provide any details about what the Plan Administrator will include in the

---

[4]The record does not contain the denial of Plaintiff's claim.

decision. Defendant provided its decision upholding the denial of Plaintiff's claim in writing in accordance with the VSI plan.

Plaintiff's claim fails as a matter of law, and Defendant is therefore entitled to judgment. Plaintiff's motion for summary judgment is denied for the same reasons Defendant's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, October 31, 2011.



Alan C. Kay
Sr. United States District Judge

Robello v. FedEx Express, et al., Civ. No. 10-00571 ACK-BMK, Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment.